**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAYTON SIMS, | |
| Plaintiff, | |
| v. | Case No. 03 C 8291 |
| | Judge Gottschall |
| SGT. R. WATTS, P.O. B. BOLTON, P.O. A. JONES, P.O. K. YOUNG, and the CITY OF CHICAGO, | Magistrate Judge Bobrick |
| Defendant(s) | |

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, states that on June 4, 2004, I served Plaintiff's Second Amended Complaint by tendering same via U.S. Mail, by depositing same at a U.S. Mail Box located at 155 North Michigan, Chicago, Illinois on or before 5:00 PM, addressed to:

        Arnold Park, Esq.
        Asst. Corporation Counsel
        CITY OF CHICAGO
        30 N. LaSalle, Suite 900
        Chicago, Illinois 60602

                      Patrick A. Casey, Esq.

**LAW OFFICES OF BLAKE HORWITZ**
Blake Horwitz, Esq.
Patrick A. Casey, Esq.
Amanda S. Yarusso, Esq.
155 N. Michigan, #714
Chicago, IL 60601
(312) 616-4433

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAYTON SIMS, | |
| Plaintiff, | |
| v. | Case No. 03 C 8291 |
| | Judge Gottschall |
| SGT. R. WATTS, P.O. B. BOLTON, P.O. A. JONES, P.O. K. YOUNG, and the CITY OF CHICAGO, | Magistrate Judge Bobrick |
| Defendant(s) | |

## SECOND AMENDED COMPLAINT AT LAW

**NOW COMES** the Plaintiff, PAYTON SIMS, by and through his attorney, LAW OFFICES OF BLAKE HORWITZ, and for his Complaint at Law, against the Defendants, SGT. R. WATTS, P.O. B. BOLTON, P.O. A. JONES, and P.O. K. YOUNG, (hereinafter "DEFENDANT OFFICERS") and THE CITY OF CHICAGO, states as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1981 and §1983; the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

### PARTIES

2. Plaintiff, PAYTON SIMS is a resident of the County of Cook and State of Illinois, and a citizen of the United States.

3. DEFENDANT OFFICERS at all times relevant to this complaint, duly appointed and sworn police officers. They engaged in the conduct complained of in the course and scope of

their employment and while they were on duty. They are sued in their official and individual capacities. The aforementioned police officers followed the customs and practices of the City of Chicago, in connection with the allegations of this complaint.

4. The City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Police Officers. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, customs and usages of the Chicago Police Department.

## FACTS

5. On or about the morning of August 19, 2003, the Plaintiff was working in his barber shop at 618 East 47th Street. On that date, Plaintiff discovered that an unmarked squad car had driven into the side of the building, which he owns.

6. Plaintiff proceeded to call 911 on his phone because the officers appeared to be injured.

7. Other officers appeared on the scene and these officers (the Defendant Officers) handcuffed and arrested the Plaintiff.

8. The Plaintiff remained handcuffed in a squad car without probable cause and or reasonable suspicion and/or lawful justification. Plaintiff never, prior to this conduct, provoked said officers, threatened said officers and/or conducted himself in a manner, which would necessitate handcuffing and custody in a squad car by Defendant Officers.

9. Plaintiff's handcuffs were secured too tightly onto his wrists. The Defendant Officer(s) refused to adjust the handcuffs and kept the Plaintiff in custody.

10. The use of force initiated and continued by the Defendant Officers onto the Plaintiff was excessive, unreasonable and unnecessary in order to accomplish any task

2

undertaken by the Defendant Officers. They, willfully and with utter disregard for the rights and safety of the Plaintiff, injured the Plaintiff.

11. As a direct and proximate result of one or more of the aforesaid acts or omissions of the defendants, Plaintiff was caused to suffer serious and permanent personal injury pain, suffering and mental anguish both now and in the future.

## COUNT I
### (§1983 Excessive Use of Force)

12. Plaintiff re-alleges paragraphs 2 through 11 as though fully set forth herein.

13. The actions of the Defendant Officers amounted to an excessive and unjustifiable used of force against the Plaintiff, as well as failing to prevent said abuse, despite having the opportunity to do so. This use of force violated the Plaintiff' Fourth Amendment right to be free from unreasonable arrest and seizure.

14. The aforementioned actions of the Defendants were the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE**, Plaintiff demands compensatory damages, jointly and severally against the Defendant Officers. Plaintiff also demands punitive damages, costs and attorney's fees against said Defendants. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### (§1983 False Arrest)

15. Plaintiff re-alleges paragraphs 2 through 11 as though fully set forth herein.

16. The Defendant Officers arrested Plaintiff without probable cause to believe that Plaintiff had committed criminal activity. The Defendant Officers' conduct was in violation of the Fourth Amendment to the United States Constitution.

17. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant Officers, punitive damages, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### (Supplementary Claim - Assault and Battery)

18. Plaintiff re-alleges paragraphs 2 through 11 as though fully set forth herein.

19. The acts of Defendant Officers were affirmative acts intended to cause a contact of a harmful and/or offensive nature and to which Plaintiff did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, such acts directly and proximately caused Plaintiff injuries, pain and suffering as alleged above

**WHEREFORE**, Plaintiff demands compensatory damages, jointly and severally, against the Defendant Officers. Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

## COUNT IV
### (False Arrest – State Claim)

20. Plaintiff re-alleges paragraphs 2 through 11 as though fully set forth herein.

21. The Defendant Officers arrested Plaintiff without probable cause to believe that Plaintiff had committed criminal activity. The Defendant Officers' conduct was in violation of the laws of the state of Illinois.

22. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations set forth above.

4

WHEREFORE, Plaintiff demands compensatory damages against the Defendant Officers, punitive damages and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### (745 ILCS 10/9-102 Claim Against City of Chicago)

23. Plaintiff re-alleges paragraphs 2 through 22 as though fully set forth herein.

24. Defendant City of Chicago is the employer of Defendant Officers.

25. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**WHEREFORE**, should the Defendant Officers be found liable for the acts alleged in paragraph 2 through 25 above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the City of Chicago pay them any judgment they obtain against Defendant Officers as a result of this complaint.

## COUNT VI
### MONELL CLAIM AGAINST THE CITY OF CHICAGO

26. The Plaintiff re-alleges paragraphs 2 through 25 as though fully set forth herein.

27. It is the custom, practice and policy of police officers and/or there supervisors/agents and/or other employees of the City of Chicago to perform the following acts and/or omissions in connection with excessive force complaints that are directed at Chicago police officers:

   a. Supervisory individuals from the City of Chicago fail to properly discipline City of Chicago police officers that have committed an act of excessive force upon another;

   b. Supervisory individuals from the City of Chicago fail to properly investigate a complaint of excessive force perpetrated by a City of Chicago Police Officer, upon another;

5

    c. Supervisory individuals from the City of Chicago fail to take proper remedial action against a City of Chicago Police officer once it is determined that he/she has committed an act of excessive force upon another.

28. As a result of the misconduct undertaken by the City of Chicago, through it employees, the Plaintiff suffered serious injuries, as the custom, practice and policy of the City of Chicago permits and/or makes conducive to City of Chicago police officers, the type of conduct that occurred in the instant cause, as alleged in this complaint.

**WHEREFORE**, Plaintiff demands judgment against the City of Chicago, plus attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

Plaintiff demands trial by jury on all counts.

Respectfully Submitted.

_____
Attorney for the Plaintiff
Blake Horwitz

**LAW OFFICES OF BLAKE HORWITZ**
Blake Horwitz, Esq.
Patrick A. Casey, Esq.
Amanda S. Yarusso, Esq.
155 N. Michigan Avenue
Suite 714
Chicago, IL 60601
(312) 565-7173 Facsimile
(312) 616-4433

6